IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE CAPELLAN GARCIA [7],<br>MARCOS DE LA CRUZ [8],<br><br>Defendants. | CRIMINAL NO. 07-344 (DRD) |

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

On August 22, 2007, the government initially charged above-captioned defendants through an original two-counts sealed Indictment, wherein a total of eight (8) co-defendants, appeared having allegedly committed a violation of Title 18, United States Code, Sections 1951, 2 and 924(c). Count One charged a conspiracy from on or about July 2002 to on or about September 2002, to obstruct or delay commerce by means of robbery of business and properties engaged in interstate commerce.

On September 5, 2007, a two-count Superseding Indictment was returned by the Grand Jury charging the same previous eight (8) defendants, including above co-defendants José Capellán-García ("Capellán-García) and Marcos De La Cruz ("De La Cruz"), with the above referred offenses, encompassing the same dates and same over acts. (Docket No. 20).

Thereafter, on November 28, 2007, a two-counts Second Superseding Indictment was returned by the Grand Jury, in relation to the same offenses and over acts, this time including for the first time a ninth co-defendant not previously charged in the conspiracy. The conspiracy

Case 3:07-cr-00344-DRD   Document 264   Filed 08/05/08   Page 2 of 12

United States v. Capellán-García and De La Cruz, et al.
Criminal No. 07-344 (DRD)
Report and Recommendation
Page No. 2

encompassed the same time frame of July 2002 up to on or about September 2002. Over act number two, as to the eight original co-defendants, included an offense committed on July 9, 2002, by herein co-defendant Capellán-García, together with co-defendants one and a new named ninth co-defendant. (Docket No. 79).

Co-defendant De La Cruz filed a Motion to Dismiss on duplicity grounds, for severance and for misjoinder which co-defendant Capellán-García joined. (Docket Nos. 237, 243).

The Court referred these motions to the undersigned for report and recommendation and granted the government until July 29, 2008 to file a reply. (Docket Nos. 260, 261, 263). The government has filed its reply in opposition to dismissal. (Docket No. 263).

## DEFENDANTS' SUBMISSIONS

In the request for dismissal on grounds of duplicity, defendants Capellán-García and De La Cruz submit the conspiracy charged in Count One is but five separate substantive robberies which occurred on July 2, 9,[1] August 7 and September 25, 2002, involving different perpetrators. Co-defendant Capellán-García is charged in the conspiracy in Count One, and overt act number two, as to a robbery that took place on July 9, 2002. Co-defendant De La Cruz is charged with the last robbery that occurred on September 25, 2002, also referred to in overt act number four as to the conspiracy charged in Count One. Defendant De La Cruz is additionally charged in Count Two with the substantive offense of aiding and abetting together with another co-defendant Narciso Castillo Restituyo. The co-defendants herein contend that

---

[1] Overt act number three refers to a general date of July 2002 regarding a robbery by other co-defendants and the government's cooperating witness.

the only common denominator in all of the five robberies was the participation of the government cooperating witness, Rubén Hernández, who was not indicted. On the above premise, for purposes of their Motion to Dismiss, defendants De La Cruz, joined by co-defendant Capellán-García, aver the government has improperly included as one conspiracy, the five separate and distinct substantive robberies committed by different individuals at different times. As such, these co-defendants consider that the conspiracy charged is duplicitous and subject to dismissal.

Additionally, co-defendant De La Cruz requests severance from the four prior robberies in which he had no involvement as these were accumulated in one indictment which will deprive him of a fair trial because of the spillover of other substantive violent crimes in which co-defendant De La Cruz claims having no involvement prior to the one of September 25, 2002.

No specific discussion is submitted by these defendants as to their request for misjoinder under Fed.R.Crim.P. 8.

## LEGAL DISCUSSION

**A. Duplicity.**

Co-defendants Capellán-García and De La Cruz are referring to the indictment being duplicitous because it charges separate substantive robberies as a conspiracy charged in Count One. Still, no discussion appears as to the burden the government must meet to establish the conspiracy to exist and then to present, if necessary, the overt acts as to each of the five

substantive robbery offenses as acts in furtherance of the conspiracy and/or statements thereunder of co-conspirators.

Duplicity is joining in a single count two or more distinct and separate offenses, that is charging more than one crime in a single count. Nevertheless, determination whether indictment is duplicitous must be based on allegations of the indictment itself. Fed.R.Crim.P. 8(a).

The essential elements of a criminal conspiracy are an agreement between two or more persons to commit a crime and an overt act in furtherance of the agreement by one of the conspirators. *See* United States v. Avila-Domínguez, 610 F.2d 1266 (5th Cir. 1980). Once the existence of the conspiracy is established, there must be substantial evidence that each alleged conspirator knew of, intended to join and participated in the conspiracy. The trial judge needs to make a preliminary finding based on non-hearsay evidence that a conspiratorial relationship existed between the parties as sufficiently established by independent evidence prior to the admission of any co-conspirators' statements allegedly made in furtherance thereof.[2]

As proffered by the defendants herein, the government has one cooperating participating witness in the offenses who has not been charged in the indictment.

In a similar vein, in United States v. LiCausi, 167 F.3d 36 (1st Cir. 1999), evidence was considered sufficient to sustain convictions of conspiring to commit, actually committing, and using a firearm in connection with robbery of a supermarket, attempted robbery and use of a

---

[2] However, the trial judge retains the option to admit conditionally the declarations of co-conspirators before the conspiracy has been independently established, subject to the subsequent fulfillment of that factual predicate.

United States v. Capellán-García and De La Cruz, et al.
Criminal No. 07-344 (DRD)
Report and Recommendation
Page No. 5

firearm on another date, and interstate transportation of a stolen vehicle, though convictions rested largely on the testimony of cooperating witnesses. The government therein elicited on direct examination the cooperation arrangements for each witness and introduced into evidence their plea agreements, the cooperating witnesses were extensively cross examined regarding their credibility, and the trial judge carefully instructed the jurors as to the caution they should use in evaluating said testimony.

Similarly, herein defendants claim the only link between the offenses joined in the conspiracy is the cooperating witness participation in the robberies with the other co-defendants. The overlap requirement in a conspiracy can be satisfied by the pervasive involvement of a single co-conspirator, a hub character.[3] *See* United States v. Gaviria, 116 F.3d 1498, 1533 (1st Cir. 1997). [I]n a unitary conspiracy it is not necessary that the membership remain static ... or that a given member knows all his fellow co-conspirators.[4] United States v. Sepúlveda, 15 F.3d 1161, 1191 (1st Cir. 1993) (citations omitted). Late comers to a conspiracy adopt the prior acts and declarations of earlier arrivals. Thus, the fact that every defendant did not participate in every transaction, necessary to fulfill the aim of their agreement, does not transform a continuing plan into multiple conspiracies. *See* United States v. Drougas, 748 F.2d 8, 17 (1st Cir. 1984).

---

[3] The characterization of a large "hub" conspiracy and of the small "spoke" conspiracy is best described as two different prosecution theories of a case. *See* United States v. Pacheco, 434 F.3d 106 (1st Cir. 2006); United States v. Medina Martínez, 396 F.3d 1, 6 (1st Cir. 2005).

[4] The goal of the conspiracy is to be determined and that participants entered at different levels is of no moment. Gaviria, 116 F.3d

United States v. Capellán-García and De La Cruz, et al.
Criminal No. 07-344 (DRD)
Report and Recommendation
Page No. 6

The question whether a given body of evidence is indicative of a single conspiracy, multiple conspiracies, or no conspiracy at all is ordinarily a matter of fact; a jury's determination in that regard is subject to review only for evidentiary sufficiency. *See* United States v. Wihbey, 75 F.3d 761, 774 (1st Cir. 1996).

Ultimately, while the analysis of common goals, "interdependence, and overlap is useful for resolving challenges to the sufficiency of the evidence on appeal, this court has looked beyond any such lists of factors to the totality of the evidence in determining whether there is factual support for a finding of a single conspiracy". Drougas, 748 F.2d 17.[5] *See also* Kotteakos v. U.S., 328 U.S. 750, 775, 66 S.Ct. 1239 (1946) (The dangers of transference of guilt from one to another across the line separating conspiracies, self-consciously or otherwise, are so great that no one really can say prejudice to substantial right has not taken place. That right, in each instance, was the right not to be tried *en masse* for the conglomeration of distinct and separate offenses committed by others as shown by this record); Reno v. United States, 317 F.2d 499 (9th Cir. 1963); United States v. Rabinowich, 238 US 78, 86, 35 S.Ct. 682 (1915) (An indictment is not duplicitous if a conspiracy is charged and the commission of the offense does not detract from same. The liability for conspiracy is not taken away by its success –that is, by the accomplishment of the substantive offense at which the conspiracy aims).

An allegation in a single count of a conspiracy to commit several crimes is not duplicitous since conspiracy is a single crime which may have diverse objects. Braverman v. United States,

---

[5] Whether a single conspiracy or a multiple conspiracy exists is, of course, a question of fact for the jury. *See* Drougas, 748 F.2d at 17.

United States v. Capellán-García and De La Cruz, et al.
Criminal No. 07-344 (DRD)
Report and Recommendation
Page No. 7

317 U.S. 49, 53, 63 S.Ct. 99 (1942). After all, the gist of the conspiracy offense remains the agreement. It is not appropriate to think of a conspiracy as a kind of club that one joints on a specific date. United States v. Pacheco (citing United States v. Glenn, 828 F.2d 855, 857 (1st Cir. 1998)). *See also* Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180 (1946) (holding that a party to a continuing conspiracy could be found guilty of substantive offenses committed by a co-conspirator in furtherance of the conspiracy).

In conclusion, addressing the defendants' request for dismissal, the government adequately submits in its reply that the single conspiracy charged in violation of the Hobbs Act presents a common goal of co-conspirators to commit robberies affecting interstate commerce to deprive the victims from their commercial income. The overt acts therein alleged present closely related robberies in terms of time and distance, which occurred in the San Juan metropolitan area, and took place within a span of three months. Additionally, there is an overlap among the participants in the various overt acts.

In view of the foregoing, it is recommended that the request for dismissal, based on duplicity grounds, be DENIED.

**B. Severance, Fed.R.Crim.P. 14.**

Defendants are also requesting severance on the basis that, if there is no conspiracy, but substantive robbery offenses, the jury being exposed to violent robberies where these defendants did not participate would result in a spillover effect that would hinder them from receiving a fair trial.

Under Fed.R.Crim.P. 14, "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a).

In determining whether criminal charges are properly joined for trial, the Court of Appeals considers whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred. Fed.R.Crim.P. 8(a), 18 U.S.C.A.

In United States v. Boulanger, 444 F.3d 76, 87 (1st Cir. 2006), the defendant argued that, even if joinder was proper, the district court should have severed the counts because his defense was prejudiced by the joinder. Such is not the situation in the case before this Magistrate Judge since defendants have not proffered a defense or what prejudice they would face, more so since once the conspiracy is established by the government, their spillover defense would not prosper.

The Court of Appeals for the First Circuit found no abuse of discretion in denying one defendant's pretrial motion to sever though jury heard extensive testimony relating to several crimes in which that defendant was not involved. That fact did not, by itself, create sufficient prejudice to require severance, particularly where moving defendant was acquitted on two counts, and since all three defendants were charged as coconspirators, almost all of the evidence relating to other defendants was relevant to, and therefore independently admissible in, the

prosecution's case against the moving defendant. As such, the government may join multiple defendants in a single indictment where at least one count alleges a conspiracy and the indictment separately alleges that the defendant committed a substantive offense. Fed. R. Cr. Proc. 8(d), and 14. *See* LiCausi, 167 F.3d at 45-46.

On appeal it was also found the district court did not abuse its discretion in denying defendants' severance motions, where it gave limiting instructions in course of trial and at the beginning and the end of the closing charge to consider evidence against each defendant separately with respect to each count of indictment, jury's selective verdict indicated that it was able to follow these instructions, and evidence at trial was presented in compartmentalized fashion to assist jury in distinguishing between various crimes and defendants. Fed. R. Cr. Proc. 14; United States v. Neal, 36 F.3d 1190 (1st Cir. 1994).

As a general rule those persons who are indicted together are tried together to prevent inconsistent verdicts and conserve judicial resources. The decision to grant or not severance is treated with considerable deference due to the trial court's first-hand exposure to a case. United States v. DeCologero, 530 F.3d 36 (1st Cir. 2008).

Thus, in view of the above, it is recommended that the request for severance be DENIED.

United States v. Capellán-García and De La Cruz, et al.
Criminal No. 07-344 (DRD)
Report and Recommendation
Page No. 10

### C. Misjoinder, Fed.R.Crim.P. 8(b).[6]

Defendants have entitled their motion as requesting dismissal for misjoinder but failed to argue or support their request.

Joinder is proper under Fed.R.Crim.P. 8(a) if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." This rule is construed generously in favor of joinder.  See United States v. Meléndez, 301 F.3d 27, 35 (1st Cir. 2002). Furthermore, "'[s]imilar' does not mean 'identical,' and we assess similarity in terms of how the government saw its case at the time of indictment." Id. (citing United States v. Edgar, 82 F.3d 499, 503 (1st Cir. 1996)). "In determining whether counts are properly joined for trial, we historically have considered whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." See United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995).

Joinder is deemed proper, either because the charges were of the same or similar character or because these were parts of a common scheme or plan. Fed.R.Crim.P. 8(a). United States v. DeLuca, 137 F.3d 24 (1st Cir. 1998).

Fed.R.Crim. P. 8(b) permits joinder if defendants are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or

---

[6] Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Case 3:07-cr-00344-DRD  Document 264  Filed 08/05/08  Page 11 of 12

United States v. Capellán-García and De La Cruz, et al.
Criminal No. 07-344 (DRD)
Report and Recommendation
Page No. 11

offenses. Still, a joinder of offenses or of defendants involves a presumptive possibility of prejudice to the defendant, yet the prejudice may be relatively small compared to the benefits. At other instances, the prejudice may be cured by severance or prevented upon a <u>Petrozziello</u> determination, which may be held at the close of all the evidence, and/or curative instructions to the jury when considering evidence as to all or some of the co-defendants. *See* <u>United States v. Petroziello</u>, 548 F.2d 20 (1st Cir. 1977).[7]

In <u>Schaffer v. United States</u>, 362 U.S. 511, 514-16, 80 S.Ct. 945 (1960), the Supreme Court held that if a conspiracy count makes initial joinder of defendants permissible, the mid-trial dismissal of that count does not render joinder improper under Rule 8(b). *See also* <u>United States v. Clarke</u>, 24 F.3d 257, 262 (D.C.Cir. 1994).

At first glance, contrary to the instant co-defendants' contention, the charges in Counts One and Two do not seem to refer to "discrete events which ... were separated by time, location and their participants." Rather, it was a series of robberies that depict a similar modus operandi, within a close range of time, and with interlocking defendants' participation, wherein the government would need to establish the conspiratorial agreement as an essential element of the offense.

---

[7] Similarly, there may be circumstances when the joinder of counts was proper initially but later developments would render the initial joinder improper. <u>United States v. Hamilton</u>, 334 F.3d 170, 181 (2d Cir. 2003) (on the arguments of retroactive misjoinder where defendant must show compelling prejudice, eg. from the prejudicial spillover of the evidence on counts that were dismissed or reversed on appeal).

United States v. Capellán-García and De La Cruz, et al.
Criminal No. 07-344 (DRD)
Report and Recommendation
Page No. 12

The party asserting misjoinder bears the burden of persuasion. United States v. Natanel, 938 F.2d 302, 306 (1st Cir. 1991). Persuasion has not been duly exercised by herein co-defendants, for which joinder under Rule 8(b) seems proper at this stage.

Accordingly, it is recommended that the general request for misjoinder be DENIED.

## CONCLUSION

As above discussed, it is recommended that the request for dismissal of co-defendants Capellán-Garcia and De La Cruz on grounds of duplicity, for severance and misjoinder be DENIED. (Docket Nos. 237, 243).

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 5th day of August of 2008.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VÉLEZ-RIVÉ
UNITED STATES MAGISTRATE JUDGE